IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **ELVIS ORTIZ** | : | No. 05-cr-044-10 |

### MEMORANDUM

PRATTER, J.                                                                                                  NOVEMBER 29, 2022

Elvis Ortiz has filed several motions seeking post-conviction relief and arguing, *inter alia*, that the Court should vacate his conviction under 18 U.S.C. § 924(c) and grant him a plenary resentencing hearing. The Government agrees that, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Mr. Ortiz's conviction for a violation of 18 U.S.C. § 924(c) should be vacated, as should his related seven-year sentence, but the Government disagrees that a plenary resentencing hearing is appropriate in these circumstances. For the reasons that follow, the Court finds only that vacatur of Mr. Ortiz's § 924(c) conviction and his seven-year consecutive sentence is warranted and therefore grants Mr. Ortiz's petition in part and denies it in part.

### BACKGROUND

In 2005, Mr. Ortiz was indicted on 10 counts of a 26-count indictment. The charges against Mr. Ortiz arose out of his membership in the Almighty Latin King and Queen Nation (ALKQN), a criminal enterprise, and his erstwhile role as bodyguard for the gang's leader.

Specifically, Mr. Ortiz participated, alongside other Latin Kings, in crimes between late 2003 to early 2004. First, in December 2003, Mr. Ortiz participated in the kidnapping and beating of another Latin King at the direction of the Pennsylvania statewide leader of the ALKQN. The victim of the beating escaped the basement where he was being held and was taken to a hospital

while Mr. Ortiz, who was intended to stay guard, was asleep. Although Mr. Ortiz and other ALKQN members attempted to find and kill the escapee, they could not locate him. These events formed the basis of Count 13 of the indictment, conspiracy to commit murder in aid of racketeering, and Count 14, using and carrying a firearm during a violent crime, in violation of 18 U.S.C. § 924(c).

In March 2004, at the direction of the Pennsylvania ALKQN leader, Mr. Ortiz and other Pennsylvania-based Latin Kings traveled to Vineland, New Jersey, to kill rival Latin Kings in that area. Around the same time, Mr. Ortiz also participated in the kidnapping of a Vineland Latin Queen who had offended the Pennsylvania gang-leader. Mr. Ortiz ordered the woman to report to Philadelphia, where he confiscated her keys, participated in a sham trial for her violation of various gang rules, and approved, together with his compatriots, her brutal beating for seven to eight minutes.

On January 9, 2006, the Government filed an information pursuant to 21 U.S.C. § 851, which provided Mr. Ortiz notice that he had three prior felony drug convictions, such that, if he were convicted on Count 7 of the indictment, he would be subject to a mandatory life sentence. On March 15, 2006, a jury found Mr. Ortiz guilty on six counts: conspiracy to participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to distribute 1,000 grams or more of heroin within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 860 (Count 7); kidnapping in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count 11); conspiracy to maim in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count 12); conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 13); and using and carrying a firearm during and in relation to the conspiracy to murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 14). Under the

Federal Sentencing Guidelines, the Court found that Mr. Ortiz had earned a sentence of life imprisonment plus 7 years. This length of time represented concurrent sentences of life imprisonment on Counts 1, 7, and 11; a concurrent 36-month sentence on Count 12; and a concurrent 120-month sentence on Count 12; plus a mandatory consecutive 7-year sentence on Count 14 for the § 924(c) offense.

Mr. Ortiz directly appealed on several grounds, including that there was insufficient evidence to convict him on each of the conspiracy charges and that "the district court made unconstitutional findings during the sentencing process and/or imposed an unreasonable sentence." *United States v. Melendez*, 388 F. App'x 178, 181 (3d Cir. 2010). The Third Circuit Court of Appeals affirmed Mr. Ortiz's conviction and sentence, rejecting his claims as well as the claims made by his seven co-defendants. *Id.* at 181–82.

In 2013, nearly three years after the Third Circuit Court of Appeals affirmed his conviction, Mr. Ortiz filed his first petition under 28 U.S.C. § 2255 in this Court, arguing ineffective assistance of counsel because his counsel failed to attack the career offender status assigned to him under the Sentencing Guidelines. *United States v. Ortiz*, No. 05-cr-044-10, 2013 WL 5942313, at *2 (E.D. Pa. Nov. 4, 2013). This Court found that Mr. Ortiz's petition was time-barred, and even if it was not, Mr. Ortiz failed to raise an ineffective assistance of counsel claim because he could not show that his lawyer failed to meet his obligation or that failure resulted in prejudice to Mr. Ortiz. *Id.*

In 2016,[1] Mr. Ortiz sought leave to file a second or successive § 2255 petition, challenging his conviction under § 924(c) in light of *Johnson v. United States*, 576 U.S. 591 (2015), in which the Supreme Court invalidated the residual clause in the definition of "violent felony" in the Armed

---

[1]   Mr. Ortiz's petition is dated June 23, 2016, but he was not permitted to file this motion on the docket until August 27, 2019. *See* Def.'s Pro Se Mot. to Vacate Sentence, Doc. No. 1055.

Career Criminal Act.[2] He also argues that his convictions and sentences under §§ 1962(d) and 1959 should be vacated as failing to qualify as crimes of violence, and that his designation as a career offender is also invalid. Shortly before the Third Circuit Court of Appeals authorized Mr. Ortiz's successive § 2255 petition, this Court appointed the Federal Community Defender Office to represent Mr. Ortiz in seeking relief under *Johnson*.

Mr. Ortiz continued to file *pro se* memoranda relating to his § 2255 motions. In September 2019, he filed a supplemental memorandum in which he appears to argue that the Government presented insufficient evidence for a reasonable juror to convict him on the charge of conspiracy to distribute heroin, certain witnesses' and co-defendant's statements were improperly admitted into evidence, no chain of custody evidence was established for the admitted evidence, and the Court erred by applying a career offender enhancement when Mr. Ortiz's prior drug convictions did not qualify as controlled substance offenses.

In October 2020, Mr. Ortiz once again filed a *pro se* "motion to correct illegal sentences" in which he alleged scattershot claims over the course of 62 pages, including that his "sentences are illegal because they were not imposed in strict accordance with the United States Code, and the mode, extent and place of the sentences['] execution exceeds the governing laws under the United States Code, and the sentences internally contradict[] the enabling legislation of the statutes Mr. Ortiz was charged with and convicted of violating." Def.'s Mot. to Correct, Doc. No. 1091 at 17.

In December 2020, Mr. Ortiz, through appointed counsel at the Federal Community Defender Office, filed another memorandum of law in support of his authorized § 2255 motion, in

---

[2] Following the Supreme Court's 2019 decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Third Circuit Court of Appeals authorized hundreds of petitioners, including Mr. Ortiz, to pursue *Davis* claims in successive § 2255 motions. *In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019); Aug. 27, 2019 Order, Doc. No. 1054 at .

which he argues that the underlying offense of conspiracy to commit murder in aid of racketeering no longer qualifies as a "crime of violence" for purposes of § 924(c), based on the Supreme Court's decision in *Davis*. *Davis*, 139 S. Ct. at 2336. Mr. Ortiz's appointed counsel further argues on his behalf that Mr. Ortiz's § 924(c) conviction must be vacated, and, under the precedent of the Third Circuit Court of Appeals, a plenary resentencing hearing is warranted. *See United States v. Davis*, 112 F.3d 118 (3d Cir. 1997). The Government responded to Mr. Ortiz's various motions, acknowledging that in light of the Supreme Court's decision in *Davis,* Mr. Ortiz's conviction under § 924(c) in Count 14 is invalid, and the seven-year consecutive sentence imposed under that count should be vacated.[3] *See Davis*, 139 S. Ct. at 2336. Accordingly, the motion is ripe for the Court's review.

## Legal Standard

Section 2255 allows a prisoner in federal custody to attack his sentence if it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner may only prevail on a § 2255 claim by demonstrating that an error of law was constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962).

---

[3] As further described below, Mr. Ortiz accurately anticipated in the petition he drafted in 2016 (which was permitted to be docketed in 2019) that the rationale applied in 2015 in *Johnson*, which led to the Supreme Court's holding that a "residual" clause defining a "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague, would necessitate the invalidation of a similarly worded clause in § 924(c). In 2019, the Supreme Court in *Davis* did indeed invalidate the residual clause in § 924(c) as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

As described above, Mr. Ortiz filed several of the motions or supplemental filings discussed herein *pro se*. "The court is to construe a prisoner's pro se pleading liberally, but vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Sotomayor*, 146 F. Supp. 3d 667, 668 (E.D. Pa. 2015) (internal citations and quotations omitted).

## DISCUSSION

### I. Unauthorized Second or Successive Motions

In order for a district court to hear a second or successive § 2255 motion, the motion must be certified by a panel of the relevant court of appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a court of appeals panel has not authorized a second or successive § 2255 motion, district courts have no jurisdiction. 28 U.S.C. § 2255(h); *see also United States v. Rodriguez*, 327 F. App'x 327, 329 (3d Cir. 2009). Following a court of appeals' authorization of a second or successive § 2255 motion, the district court must consider anew whether a § 2255 petitioner meets the requirements set forth in § 2244. *In re Matthews*, 934 F.3d at 301.

Mr. Ortiz filed an initial § 2255 motion in 2013. The Third Circuit Court of Appeals later authorized hundreds of petitioners, including Mr. Ortiz, to pursue a second or successive habeas corpus petition in light of the new rule of constitutional law set forth in *Davis*. *See In re Matthews*,

6

934 F.3d at 298, 298 n.2; Aug. 27, 2019 Order, Doc. No. 1054 at 1–2. This Court now must consider whether it has jurisdiction to consider any other claims contained in Mr. Ortiz's various motions and related filings. The Court concludes that it does not have such jurisdiction.

Apart from the challenge to his § 924(c) conviction, Mr. Ortiz appears to argue in his *pro se* filings that (1) his convictions and sentences under §§ 1962(d) and 1959 should be vacated as failing to qualify as crimes of violence, (2) his designation as a career offender is invalid, (3) the Government presented insufficient evidence for a reasonable juror to convict him on the charge of conspiracy to distribute heroin, (4) certain witnesses' and co-defendant's statements were improperly admitted into evidence, (5) no chain of custody evidence was established for the admitted evidence, (6) the Court erred by applying a career offender enhancement when Mr. Ortiz's prior drug convictions did not qualify as controlled substance offenses, and (7) his sentences were excessive under the United States Code and violated procedural requirements of sentencing.

The Court will not—indeed, it cannot—engage with these non-*Davis* claims. The Third Circuit Court of Appeals in *In re Matthews* authorized only those second or successive § 2255 motions asserting claims based on the invalidation of the residual clause contained in § 924(c)— that is, those claims that a § 924(c) conviction is unconstitutional because the underlying predicate crime no longer qualifies as a "crime of violence." 934 F.3d at 298, 298 n.2; *see, e.g.*, *Evans v. United States*, No. 95-cr-00434, 2020 WL 3287030, at *10 (E.D. Pa. June 18, 2020). The additional claims Mr. Ortiz makes are not relevant to the Supreme Court's holding in *Davis*, so the Third Circuit Court of Appeals' authorization of Mr. Ortiz's successive petition does not extend to those claims. And even if the Third Circuit Court of Appeals had authorized these additional claims, this Court, considering whether the gatekeeping requirements for habeas petitions have been met,

could not find these additional claims have as their basis either "newly discovered evidence" that would prevent a reasonable factfinder from finding Mr. Ortiz guilty or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(2)(A), 2255(h).

Because only Mr. Ortiz's *Davis*-based challenge to his sentence for his § 924(c) conviction was authorized for a successive § 2255 petition by the Third Circuit Court of Appeals, this Court does not have jurisdiction over Mr. Ortiz's non-*Davis* claims and must dismiss them for lack of jurisdiction.[4]

## II. Conspiracy Offenses Are Not Categorically "Crimes of Violence"

Mr. Ortiz argues that his conviction and sentence for using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) should be reduced as a result of the Supreme Court's decisions in *Johnson* and *Davis*. He contends that conspiracy to murder in aid of racketeering does not qualify as a predicate "crime of violence" under § 924(c). Mr. Ortiz argues that his § 924(c) conviction must therefore be vacated.

Section 924(c) applies to "any person who, during and in relation to any crime of violence . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as "an offense that is a felony" and

>  (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[4] Mr. Ortiz's appointed counsel at the Federal Community Defender Office appears to acknowledge this lack of jurisdiction because in the memorandum filed on Mr. Ortiz's behalf in December 2020, the sole arguments are that Mr. Ortiz's § 924(c) conviction is unconstitutional and that, relatedly, Mr. Ortiz is entitled to a plenary resentencing hearing upon vacatur of that conviction.

18 U.S.C. § 924(c)(3). In *Johnson*, the Supreme Court held that a clause similarly worded to § 924(c)(3)(B), defining a violent felony in the Armed Career Criminal Act, was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." *Johnson*, 576 U.S. at 597. Four years after its ruling in *Johnson*, the Supreme Court in *Davis*, applying the same rationale, invalidated subsection (B)—the so-called "residual clause"—of § 924(c) as unconstitutionally vague. 139 S. Ct. at 2336. This means that predicate crimes may only qualify as "crimes of violence" for purposes of § 924(c) under subsection (A), the "elements" clause. 18 U.S.C. § 924(c)(3)(A).

The Court next considers whether the predicate offense for Mr. Ortiz's § 924(c) conviction qualifies as a crime of violence under the "elements" clause. "To determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause . . . [courts] must apply a 'categorical approach'" in which "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). Here, the Government concedes that Mr. Ortiz's § 924(c) conviction, with the predicate crime of conspiracy to commit murder in aid of racketeering, must be vacated in light of the ruling in *Davis* because the predicate conspiracy crime requires that the Government prove an *agreement* with others to commit an act in violation of 18 U.S.C. § 1959(a)(5), and "[s]uch an agreement does not invariably require the actual, attempted, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (en banc) (holding that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence).

As a result, Mr. Ortiz will be granted relief because his conviction under § 924(c) is invalid pursuant to *Davis*. The Court vacates Mr. Ortiz's § 924(c) conviction for Counts 14 and also removes his consecutive seven-year sentence on that count.

### III. A Plenary Resentencing Hearing Is Not Warranted

Mr. Ortiz urges the Court to hold a plenary resentencing hearing so that it may impose a new sentence on Mr. Ortiz for the five counts on which he remains convicted. This the Court declines to do.

When a Court finds that vacatur is warranted, it has several remedial options under § 2255. If the court finds that a § 2255 petition warrants relief, "[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *see, e.g., Andrews v. United States*, 373 U.S. 334, 339 (1963) (finding that § 2255 offers a "flexible remedy"). In the Third Circuit, the "sentencing package doctrine" provides that

> [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within the applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*Davis*, 112 F.3d at 122. On the other hand, where a "vacated count [does] not affect [a petitioner's] total offense level, Guideline range, or sentence, . . . resentencing *de novo* is not required." *United States v. Ciavarella*, 716 F.3d 705, 734 (3d Cir. 2013) ("District courts should resentence *de novo* when an interdependent count of an aggregate sentence is vacated.").

10

Mr. Ortiz argues that caselaw and practice dictate that the Court apply current law at a plenary resentencing hearing following the vacatur of Mr. Ortiz's § 924(c).[5] But he does not offer any convincing reason as to why the § 924(c) count was so interdependent with the remaining counts in his sentence as to necessitate plenary resentencing or why his remaining sentence is otherwise no longer appropriate. The Court determined at sentencing in 2006 that Mr. Ortiz earned a life sentence as a result of his convictions on Counts 1, 7, and 11. Vacating Count 14 and disposing of the related consecutive seven-year sentence will not affect the practical bottom line of Mr. Ortiz's life sentence. Other courts in the Third Circuit have also recently found resentencing *de novo* unwarranted where § 924(c) convictions were vacated pursuant to the Supreme Court's ruling in *Davis*. *See, e.g.*, *Duka v. United States*, No. 13-cv-3664, 2020 WL 4530035, at *10–11 (D.N.J. Aug. 6, 2020) (holding that, even if § 924(c) convictions were vacated, "the 924(c) convictions would not affect Petitioners' overall sentence of life imprisonment" and so *de novo* sentencing was not necessary); *Clark*, 2021 WL 3561246, at *6–7 (finding it within the Court's discretion to vacate a § 924(c) conviction and five-year consecutive sentence but declining to reconsider the petitioner's other convictions and life sentence).[6]

---

[5] Mr. Ortiz's reliance on the Third Circuit Court of Appeal's holding in *Davis* to support this argument is misplaced. In *Davis*, the Third Circuit Court of Appeals acknowledged that the plain language of § 2255 confers "broad and flexible power" to a district court in terms of permissible action following a petitioner's successful § 2255 motion. 112 F.3d at 121. Moreover, the convictions in *Davis* were interdependent because there, the Sentencing Guidelines directed that a two-level enhancement for drug crimes involving possession of a dangerous weapon should *not* be applied when a § 924(c) sentence was also imposed. *Id.* The Court of Appeals affirmed the district court's imposition of the two-level enhancement at resentencing after the prisoner successfully collaterally attacked his conviction under § 924(c). *Id.* at 119. Thus, the facts of *Davis* represent a textbook example of interdependency and the "sentencing package" doctrine. *See United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). But where, as here, the district court sentences a defendant to concurrent life terms and then imposes a consecutive term under § 924(c), there is no interdependency—the life sentence would not be "unraveled" by vacating the § 924(c) consecutive term. *Id.* at 790; *see also Clark v. United States*, No. 19-cv-17214, 2021 WL 3561246, at *7 n.5 (D.N.J. Aug. 12, 2021).

[6] To the extent that Mr. Ortiz argues that the Court should permit plenary resentencing on his remaining counts because, under current law, he would receive a sentence that is less than life imprisonment, that argument is unavailing. The Government acknowledges that, had Mr. Ortiz earned his

11

The Court therefore will not sentence Mr. Ortiz anew on each remaining count.[7] Mr. Ortiz's convictions and sentences under each count except Count 14 will remain undisturbed.

## IV. Hearing

Under § 2255, a petitioner may be entitled to a hearing on his or her motion. 28 U.S.C. § 2255(b). "[T]he question of whether to order a hearing is committed to the sound discretion of the district court." *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). If a petitioner "alleges any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obliged to follow the statutory mandate to hold an evidentiary hearing." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005).

No hearing was warranted here. The vacatur of the § 924(c) conviction on Count 14 was unopposed by the Government, and Mr. Ortiz's request for resentencing *de novo*, as well as his unauthorized claims made in *pro se* filings, conclusively showed that he was not entitled to relief on those issues.

---

sentence today, as opposed to in 2006, he would not have been subject to the same mandatory life imprisonment term on Count 7 because § 401 of the First Step Act of 2018 lowered the relevant mandatory minimum to 25 years' imprisonment and narrowed the range of prior convictions that might increase the minimum sentence. *See* Gov.'s Resp. to Mots. Under § 2255, Doc. No. 1135 at 9; *see also* First Step Act of 2018, Pub. L. No. 115-391, §§ 401(a)(2)(A)(ii), 401(a)(1); *United States v. Aviles*, 938 F.3d 503, 508 (3d Cir. 2019). Generally, "a new criminal statute that repeal[s] an older criminal statute shall not change the penalties incurred under that older statute unless the repealing Act shall so expressly provide." *Dorsey v. United States*, 567 U.S. 260, 272 (2012) (citing 1 U.S.C. § 109) (internal quotations omitted). And indeed, § 401 of the First Step Act states that its amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, § 401(c). By its plain terms, § 401 does not apply retroactively to Mr. Ortiz, whose sentence was imposed well before the enactment of the First Step Act. *See also United States v. Hodge*, 948 F.3d 160, 162 (3d Cir. 2020) ("Because the District Court first sentenced [the defendant] before the First Step Act became law, he cannot benefit from its changes [relating to the reduced mandatory minimum under § 924(c)]. And that's true even though the District Court revisited other aspects of his sentence after the First Step Act's passage.").

[7] The Court also notes that vacatur of the § 924(c) count has not resulted from any change in Mr. Ortiz's culpability that might persuade this Court that a plenary resentencing could be appropriate, but rather from the legal and analytical requirement that a predicate offense now be reviewed using the categorical approach.

## V. Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, it must also determine whether a certificate of appealability should issue. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires the petitioner to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate will not issue here because reasonable jurists would not debate the Court's denial in part of Mr. Ortiz's petition—specifically, the Court's declination to resentence Mr. Ortiz *de novo* and its conclusion that it lacks jurisdiction to consider Mr. Ortiz's unauthorized claims.

## CONCLUSION

For the reasons discussed above, Mr. Ortiz's § 2255 petition will be granted in part and denied in part, and a Certificate of Appealability will not issue. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE